Argued September 11, affirmed September 18, 1963

# JENCK *v.* TAYLOR
385 P. 2d 179

*George P. Winslow,* Tillamook, argued the cause for appellant. On the brief were Winslow & Winslow.

No appearance by respondent.

Before McAllister, Chief Justice, and O'Connell, Goodwin, Denecke and Lusk, Justices.

O'CONNELL, J.

This is an action of replevin to recover a bulldozer in the possession of defendant. The case was tried

without a jury. Plaintiff appeals from a judgment for defendant.

Defendant purchased the bulldozer from Agnes Jenck on June 18, 1960. Defendant contends that the title to the bulldozer passed to Agnes Jenck upon the death of her husband, Delvin Jenck, who, it is claimed, obtained title by way of an inter vivos gift from his father, John Jenck.

■ Plaintiff contends that there was not sufficient evidence to establish the alleged inter vivos gift. The evidence relied upon to negate the making of the alleged gift is the will of John Jenck.[1] The will, which was executed after the alleged gift, recites in part: "I also give and bequeath unto my said son, Delvin F. Jenck, my T. D. 9 Diesel Bulldozer and four wheel heavy hauling trailer *which I now own*." (Emphasis added). This legacy was conditioned upon Delvin surviving his mother, Jessie Jenck. Delvin predeceased his mother. There was other evidence which would support the contention that John Jenck had not made a gift of the bulldozer to Delvin.

On the other hand there was testimony which, if believed, would establish an executed gift by John Jenck to Delvin Jenck prior to the former's death. Agnes Jenck testified that both John and Jessie Jenck had stated on several occasions that they had given the bulldozer to Delvin. This was corroborated by the testimony of Ivy Kellow who had lived in the John Jenck household after the alleged gift. She testified that on one occasion John Jenck had stated, "I have given the cat to Delvin," and that on several other occasions both John and Jessie Jenck referred to the

---

[1] No question was raised at the trial or upon appeal as to the admissibility of this evidence.

bulldozer as "Delvin's cat" and by other expressions indicated that the bulldozer was owned by Delvin.

There was evidence that the bulldozer was in Delvin's possession and under his dominion and control after the alleged gift. There was also evidence to the contrary.

The only issue upon appeal is whether there was evidence to support the trial court's finding that a gift had been made. The trial court said:

"Now as I view this case, there was in fact an executed inter vivos gift during John Jenck's lifetime to his son, Del. That was the testimony of Agnes Jenck, and her testimony was corroborated in a large degree, I thought, by the testimony of Mrs. Kellow, and I attach considerable weight to Mrs. Kellow's testimony. Now if there was an executed gift, as I find, in this case, then the title to that bulldozer would have necessarily remained with Del until he in some way parted with the title, and I find no evidence in the case that would justify me in holding that Del parted with that title, that he ever reconveyed the tractor back to his father or his mother. And without a conveyance of some kind—and by 'conveyance' I mean consenting to the title passing—that title would have remained with Del. Now just exactly what went on in the minds of Mr. and Mrs. Jenck at some subsequent time, * * * I have no way of knowing. Certainly the Will of John Jenck would indicate that he thought, or had entertained some idea, that the tractor was his, and that he had a right to make a testamentary disposition of it. But just because John Jenck thought that the tractor was his, and thought that he had a right to make a testamentary disposition of it, doesn't necessarily mean that he had the title to the tractor. And without that title, of course, he couldn't make a valid testamentary disposition of it.

"Now further corroborating, I think, my hold-

ing, or my view of this case, is the fact that Mr. Jenck, Senior, and his wife, permitted the tractor to remain in the possession of Delvin and his wife for a long period of time, and permitted Delvin to deal with the tractor, apparently, as his own. I don't think that factor necessarily is controlling at all in this case, but it is some corroborating evidence.

"For the reasons that I have indicated, I find that, as between the parties, a verdict should be entered in favor of the defendant."

■ Plaintiff moved for a new trial on the grounds that he had discovered new evidence which could not with reasonable diligence have been discovered and produced at the trial. The trial court denied the motion on the ground that the new witnesses through which plaintiff proposed to offer additional testimony "were all local witnesses and known to plaintiff with the possible exception of two witnesses from Portland, and that such witnesses' evidence would have been cumulative evidence." The trial court had a reasonable basis for refusing to grant the motion for a new trial. There was, therefore, no abuse of discretion in denying the motion.

The judgment is affirmed.